IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID ALLEN CRAWFORD, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-1176-K (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| et al. | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se plaintiff and former federal prisoner David Allen Crawford sues the United States for medical malpractice under the Federal Tort Claims Act (FTCA) based on allegedly negligent health care provided by the Bureau of Prisons (BOP) during his incarceration.[1] Defendant the United States of America moves to dismiss most of Crawford's lawsuit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the district judge should **GRANT** Defendant's motion (ECF No. 22) and **DISMISS** without prejudice Crawford's claims to the extent they relate to work-related injuries encompassed by the Inmate Accident Compensation Act (IACA) and **DISMISS** with prejudice as untimely Crawford's claims arising from Defendant's alleged negligence occurring before June 13, 2020.

---

[1] Crawford was released from BOP custody in June 2024. See Find an Inmate, *Federal Bureau of Prisons*, http://www.bop.gov/inmateloc/ (last visited January 2, 2025).

**Background**

At all times relevant to this lawsuit, Crawford was incarcerated at Federal Correctional Institute (FCI) Seagoville, serving a 240-month term of incarceration for interstate receipt of child pornography, in violation of 18 U.S.C. §2252A(a)(2)(A). *See United States v. Crawford*, N.D. Tex. Case No. 6:07-CR-035-C.

In February 2015, Crawford injured his left ankle while jogging on the track at Seagoville. Compl. at 9 (ECF No. 3). He went to the Health Services Unit (HSU) but was not examined that day. *Id.* Later, Crawford returned to the HSU where staff performed a physical exam and took an x-ray, finding only soft tissue swelling with no fractures. *Id.*, at 10. Crawford periodically reported pain in his left ankle through 2022, and he received multiple treatments, diagnostic tests, and outside specialist appointments. *Id.*, at 12-25.

In June 2021, Crawford injured his right ankle while at work. *Id.*, at 16, 66. The day after his injury, Crawford went to the HSU where an x-ray was performed, revealing no fractures. *Id.*, at 16. As with his left ankle, Crawford periodically reported pain, and he received additional treatments and diagnostic tests. *Id.*, at 16-25.

On May 23, 2023, Crawford filed this lawsuit against the United States and several individuals involved in his medical care, alleging various constitutional violations, state law torts, and "medical negligence/medical malpractice/medical indifference" under the FTCA. *Id.*, at 30-32.

The Court dismissed all claims except for Crawford's FTCA claim for failure to state a claim under 28 U.S.C. §§ 1915(e) & 1915(A). *See* January 2, 2025 FCR (ECF No. 11); Ord. Accepting FCR (ECF No. 15).

The United States now moves to dismiss Crawford's FTCA claims regarding his right ankle for lack of jurisdiction because the injury occurred at work and the IACA provides the exclusive remedy for work-related injuries. Mot. at 2. The United States further moves to dismiss Crawford's claims regarding his left ankle occurring before June 13, 2020, as time barred. *Id.* at 8-9. Crawford failed to respond, as instructed. The matter is thus ripe for determination.

## Legal Standards

### I.  Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878–79 (N.D. Tex. 1998), *aff'd,* 199 F.3d 279 (5th Cir. 2000). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id.* at 878 (citation omitted). If the defendant supports the motion with evidence, however, then the

attack is "factual," and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (quoting *Mortensen v. First Fed. Sav. And Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Regardless of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does exist." *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.") (citations omitted).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

II.    <u>Rule 12(b)(6)</u>

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. When the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

When applying the plausibility standard, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). But a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Review is "limited to the complaint, any documents attached to the complaint, and any documents attached to the [motion to dismiss] that are central to the claim and referenced by the complaint." *Smith v. Buffalo Wild Wings*, 2021 WL 4265849, at *2 (N.D. Tex. Sept. 20, 2021) (Fitzwater, J.) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)); *see also Inclusive Communities Project, Inc. v. Heartland Cmty. Ass'n, Inc.*, 399 F. Supp. 3d 657, 665 (N.D. Tex. 2019) ("In ruling on [a Rule 12(b)(6)] motion,

the court cannot look beyond the pleadings." (citing *Spivey*, 197 F.3d at 774), *aff'd*, 824 F. App'x 210 (5th Cir. 2020).

## Analysis

I.    <u>Right Ankle</u>

Crawford concedes his right ankle injury occurred while he was at work. *See* Compl., at 66 (alleging that he injured his right ankle on June 21, 2021, after accidentally stepping into a drain "while working in the chow hall") and *id.* at 26 (stating that he did not immediately report the injury to his work supervisor because he was "working with a skeleton crew"). Thus, the United States argues that Plaintiff's right ankle injury is a "work-related" injury to which the IACA, 18 U.S.C. § 4126, applies. And "[b]ecause the IACA is the exclusive remedy for a prisoner's work-related injuries, the FTCA does not apply," and there is no subject matter jurisdiction over his claims.

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Because federal sovereign immunity is jurisdictional, the consent or waiver must be unequivocally expressed. *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009).

Under the FTCA, "Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau*

*of Prisons*, 552 U.S. 214 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671-2680. To successfully sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his office or employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC*, 510 U.S. at 477-78.

But the FTCA does not apply when a plaintiff's injuries are covered by a comprehensive workers' compensation statute, such as the IACA. *See United States v. Demko*, 385 U.S. 149, 152 (1966). When it applies, the IACA is the type of statute that precludes relief under the FTCA. *See id.* at 152-53; *see also Aston v. United States*, 625 F.2d 1210, 1211 (5th Cir. Unit B Sept. 1980) (per curiam) (injuries sustained by federal inmates while working are not covered by the FTCA). It authorizes the Federal Prison Industries to compensate inmates "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4). A "work-related" injury is defined as "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment." *See* 28 C.F.R. § 301.102. Compensation may be obtained for physical impairment or death and for lost-time wages. *See* 28 C.F.R. § 301.101.

Here, Crawford's right ankle injury is covered under the IACA because it was "sustained in … any work activity in connection with the maintenance or operation of the institution in which the inmates are confined" and was "proximately caused by the actual performance of the inmate's work assignment." 18 U.S.C. § 4126(c)(4); 28 C.F.R. § 301.102. The IACA is the exclusive remedy for Crawford's work-related injury, regardless of the cause of his injury or whether he complains about the negligent treatment of that injury. *See Aston*, 625 F.2d at 1211; *Cabello v. United States*, 427 F. App'x 398, 399 (5th Cir. 2011) (dismissing plaintiff's FTCA claim for alleged negligent follow-up treatment of work-related injury because the IACA was the exclusive remedy); *Thompson v. United States*, 495 F.2d 192, 193 (5th Cir. 1974) (affirming dismissal of FTCA claim that prison hospital employees' negligence and malpractice aggravated plaintiff's work-related injuries because the IACA provided the exclusive remedy).

Because Crawford's right ankle injury is work-related and covered under the IACA, the Court lacks jurisdiction over his FTCA medical negligence claims related to that injury.

## II.   Left Ankle

The United States further argues that Crawford's medical negligence claims related to his left ankle occurring before June 13, 2020, are time-barred.

The FTCA bars a plaintiff from bringing a tort action against the federal government unless his claim is first presented to the appropriate federal agency "within two years after such claim accrues." *United States v. Kubrick*, 444 U.S. 111,

8

113 (1979) (citing 28 U.S.C. § 2401(b)). A cause of action generally accrues under § 2401(b) "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001) (citation omitted).

Crawford injured his left ankle in February 2015, Compl. at 9, and he allegedly visited the HSU on at least ten separate occasions between February 2015 and February 2020, *id.* 9-15. He consistently reported pain in his ankle, and he received multiple examinations, tests, and treatments. *Id.* But Crawford did not present his claim to the BOP until June 13, 2022. *Id.* at 70-73 (Crawford's administrative claim, dated June 7, 2022, and a letter from the BOP noting the claim was received by the agency on June 13, 2022). Therefore, all his claims related to his left ankle occurring before June 13, 2020—two years before he presented his claim—are time-barred and should be dismissed with prejudice.

## Recommendation

The district judge should **GRANT** Defendant's motion to dismiss (ECF No. 22), **DISMISS** without prejudice Crawford's claims concerning injury to his right ankle because that injury was work-related, and **DISMISS** with prejudice Crawford's claims arising from Defendant's alleged negligence occurring before June 13, 2020, because Crawford did not timely present his claims to the BOP.

**SO RECOMMENDED.**

February 27, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

9

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.